[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15615
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00508-CV-ORL-22-KRS

EILEEN J. WALDROP,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Eileen J. Waldrop appeals from the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). On appeal, Waldrop argues that the Administrative Law Judge's ("ALJ") decision that she is not entitled to disability insurance benefits is not supported by substantial evidence. Specifically, she argues that the ALJ failed to adequately develop the record regarding the physical demands posed by her past work as a human resources clerk. Waldrop further contends that the ALJ erred in finding that her past clerical work constituted past relevant work for purposes of making a disability determination because the ALJ did not elicit evidence showing that she performed this work: (1) within the 15-year period preceding the last date that she was under disability insured status; and (2) in a continuous, as opposed to sporadic, manner.

For the reasons set forth below, we affirm.

## I.

Waldrop filed an application for disability insurance benefits, alleging that she had become disabled as of December 26, 2001. In her disability report, Waldrop reported that she suffered from pain in her feet, ankles, knees, and back due to fractures and bone spurs. She additionally suffered from asthma and a thyroid disorder. Waldrop reported that K-Mart was her only employer during the

2

15 years preceding the onset of her disability. She began working at K-Mart in 1988, and ended her employment on December 26, 2001. At K-Mart, she worked as a sales representative in the retail division. Waldrop did not report that she had held any additional positions at K-Mart, and did not list clerical work among her duties, although she indicated that she had assisted with management responsibilities.

After Waldrop's claims were denied initially and on reconsideration, she requested a hearing before an ALJ. An ALJ held a hearing on October 23, 2007. At the hearing, Waldrop, who was represented by a non-attorney representative, testified that K-Mart was her only place of employment during the 15 years preceding the onset of her disability. Waldrop stated that, during her employment, she "did human resources for some time." When assisting with human resources, Waldrop received employment applications, made employee schedules, and assisted with the payroll. She also assisted in the hiring and terminating of employees, although she did not make the ultimate decisions in these matters. Waldrop did not provide any further testimony regarding her duties as a human resources assistant. The hearing transcript reflects that Donna Mancini, a VE, was present to hear Waldrop's testimony.

Mancini testified that Waldrop's only reported employment position was her

position as a retail clerk at K-Mart. She added, however, that "there was also an indication that she performed as a human resource clerk." Mancini explained that, under the Dictionary of Occupational Titles ("DOT"), the position of a human resource clerk had an identification number of 209362026, and was classified as sedentary, semi-skilled work. The ALJ asked Mancini to consider a hypothetical situation where an individual could do the following activities: (1) sit for up to six hours a day, up to one hour at a time; (2) stand or walk up to three hours a day, up to 20 minutes at a time; (3) occasionally lift up to 20 pounds and frequently lift up to 10 pounds; and (4) occasionally bend, stoop, climb stairs, and reach above the shoulder level. The ALJ further specified that this individual could never crawl, crouch, kneel, or endure concentrated or excessive exposure to pulmonary irritants. The ALJ then asked Mancini whether such an individual could perform any of Waldrop's past work, either as actually performed or as performed in the general economy. Mancini responded that this individual could perform clerical work as a human resources clerk, both as Waldrop actually performed the job and as it was performed in the general economy, but could not perform work as a retail sales assistant. The ALJ asked Mancini if her testimony was consistent with the DOT, and Mancini confirmed that it was consistent.

The ALJ subsequently entered an opinion denying relief. The ALJ initially

4

noted that the last date that Waldrop met disability insured status was December 31, 2006, and that she was thus required to show that she became disabled on or before that date in order to be entitled to disability benefits. The ALJ found that Waldrop did not engage in any substantial gainful activity after this date. The ALJ determined that Waldrop suffered from the following severe impairments before December 31, 2001: (1) osteoarthritis; (2) asthma; and (3) obesity. The ALJ further found, however, that these impairments, either alone or in combination with each other, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that Waldrop had the same residual functional capacity as the individual discussed in his hypothetical at the hearing.

Based on this residual functional capacity, the ALJ found that Waldrop still possessed the ability to perform her past relevant work as a human resources clerk, both as she had actually performed the job and as it was performed in the general economy. In support of this finding, the ALJ noted that Mancini had testified that this position was sedentary and semi-skilled, and that Mancini had confirmed that her testimony was consistent with the DOT. In addition, the ALJ noted the DOT reference number for the position of a human resources clerk. The ALJ explained that, in arriving at his conclusion, he had compared Waldrop's residual functional

5

capacity with the physical and mental demands associated with this position. Because the ALJ determined that Waldrop possessed the residual functional capacity to perform her past relevant job as a human resources clerk, he concluded that she was not entitled to disability benefits.

Waldrop requested review of the ALJ's decision by the Social Security Administration Appeals Council. The Appeals Council issued a decision finding that there was no basis to review the ALJ's decision.

Waldrop next filed a complaint in the district court, alleging that she was entitled to disability benefits, and that the ALJ had failed to properly develop the record in her case. Waldrop filed a memorandum in opposition to the Commissioner's decision, in which she argued that the ALJ failed to properly assess whether her past duties as a human resources clerk constituted past relevant work, and also argued that the record did not demonstrate the extent of the physical demands associated with this job. After Waldrop filed her memorandum, the parties consented to have a magistrate judge conduct the proceedings in the case and render a final judgment in the matter.

The magistrate entered an order affirming the Commissioner's decision. The magistrate found, among other things, that substantial evidence supported the ALJ's determination that Waldrop could perform her past relevant work as a

human resources clerk, as it was performed in the general economy.

## II.

In the social security context, we review *de novo* the legal principles underlying the ALJ's decision, but review "the resulting decision only to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is defined as more "than a scintilla" and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). We may not reweigh the evidence or substitute our own judgment for that of the ALJ, even if we find that the evidence preponderates against the ALJ's decision. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). "As a general principle, [we] will not address an argument that has not been raised in the district court." *Stewart v. Dep't of Health and Human Serv.*, 26 F.3d 115, 115 (11th Cir. 1994).

In order to be eligible for disability insurance benefits, a claimant must show that she became disabled before her disability insured status expired. *See* 42 U.S.C. §§ 416(i)(3), 423(a) and (c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Moore*, 405 F.3d at 1211. The Social Security regulations set forth the following five-step "sequential evaluation" process to determine whether a claimant is

disabled: (1) the disability examiner determines whether the claimant is engaged in "substantial gainful activity"; (2) if not, the examiner decides whether the claimant's condition or impairment is "severe," *i.e.*, whether it significantly limits the claimant's physical or mental ability to do basic work activities; (3) if so, the examiner decides whether the claimant's impairment meets or equals the severity of the specified impairments in the Listing of Impairments ("Listing"), thereby precluding any gainful work activity; (4) if the claimant has a severe impairment that does not meet or equal the severity of an impairment in the Listing, the examiner assesses a claimant's "residual functional capacity," which measures whether a claimant can perform past relevant work despite the impairment; (5) if the claimant is unable to do past relevant work, the examiner determines whether, in light of residual functioning capacity, age, education, and work experience, the claimant can perform other work. *See Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. §§ 404.1520(c)-(f), 416.920(c)-(f).

Under the pertinent regulations, a claimant's past work experience constitutes past relevant work where it was, "done within the last 15 years, lasted long enough [for the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The ALJ usually does not consider work activity that occurred more

8

than 15 years before the date of the Commissioner's disability determination, or the last date on which the claimant was under disability insured status, whichever comes first. *Id.* In addition, the ALJ generally does not consider work activity that occurred only "off-and-on" for brief periods of time, even if it does lie within the relevant 15-year period. 20 C.F.R. § 404.1565(a). The 15-year time-frame is advisory in nature, and its purpose is to ensure that the ALJ does not use an outdated job description in his determination of whether the claimant can perform her past relevant work. *See Barnes*, 932 F.2d at 1358. We have held that a claimant need not testify as to the specific dates that she performed her past relevant work, as long as the time period during which she performed this work is reasonably ascertainable from the record. *See id.* at 1358-59.

The regulations expressly provide that the ALJ may consult the DOT in order to obtain evidence regarding whether the claimant possesses the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1560(b)(2); *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999) (holding that, while the information in the DOT is not dispositive, the ALJ may "take administrative notice of reliable job information available from various governmental and other publications, such as the DOT"). In addition, the ALJ may consider the testimony of a VE in determining whether the claimant still possesses

the ability to perform her past relevant work.  20 C.F.R. § 404.1560(b)(2).  "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

The ALJ has a duty to develop a full and fair record.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  A claimant must show prejudice before we will find that a hearing violated the claimant's rights and thus remand to the Commissioner for reconsideration.  *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).  "This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision."  *Id.*

The burden is on the claimant to show that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy.  *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986).  In addition, the claimant bears the burden of showing that her past work experience is not past relevant work.  *Barnes*, 932 F.2d at 1359.  However, we have also held that:

> Although a claimant bears the burden of demonstrating an inability to return to his past relevant work, the Secretary has an obligation to develop a full and fair record. Where there is no evidence of the physical requirements and demands of the claimant's past work and

10

no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work.

*Schnorr v. Bowen*, 816 F.2d 578 (11th Cir. 1987).

Here, the ALJ's determination that Waldrop could still perform her past relevant work as a human resources clerk, as it is performed in the general economy, is supported by substantial evidence. While Waldrop points out that the record contains limited information concerning her duties as a human resources clerk, it is the claimant's burden to demonstrate not only that she can no longer perform her past relevant work as she actually performed it, but also that she can no longer perform this work as it is performed in the general economy. The record demonstrates that the ALJ adequately considered evidence of the duties of a human resources clerk, as the job is performed in the general economy. Specifically, Mancini provided her expert testimony that the position of a human resources clerk involves only sedentary work that could be performed by an individual with Waldrop's limitations. She referred to the DOT number for the position of a human resources clerk, and averred that her testimony regarding this position was consistent with the information set forth in the DOT. In his opinion, the ALJ stated that he had determined that Waldrop was capable of performing this job by comparing her residual functional capacity to the physical and mental demands

11

posed by a job as a human resources clerk. In making this determination, he referred to the DOT identification number for this position, and also referred to Mancini's expert testimony. Because an ALJ may properly consider information in the DOT and a VE's testimony in determining whether a claimant can still perform her past relevant work, there was substantial evidence to support the ALJ's decision as to this issue in this case.

Because the record demonstrates that the ALJ considered the DOT and the VE's testimony, Waldrop's claim that the ALJ failed to adequately develop the record lacks merit. Moreover, even if the ALJ erred by failing to ask additional questions about the physical demands posed by Waldrop's past work as a human resources clerk, this error did not prejudice Waldrop, as Mancini's expert testimony demonstrated that Waldrop could perform this job as it is performed in the general economy.

Waldrop's argument that her past performance of clerical duties does not constitute past relevant work also lacks merit. Even assuming that Waldrop preserved her arguments that this work fell outside of the relevant 15-year time period, and was sporadic in nature, substantial evidence supports the ALJ's determination that her work as a human resources clerk constituted past relevant work. Because Waldrop reported that she began working at K-Mart in 1988, her

12

performance of clerical work at K-Mart must have occurred within the 15 years preceding the last date that she met disability insured status—December 31, 2001. While Waldrop did not testify as to the exact dates that she performed clerical duties, this is not necessary as long as the record otherwise demonstrates that the time period during which she performed the relevant work was not too remote. Moreover, while Waldrop contends that she performed clerical duties sporadically, it was her burden to show that the sporadic nature of this past work caused it to fall outside of the definition of past relevant work. Waldrop did not meet this burden by testifying that she assisted with human resources "for some time." Rather, the ALJ reasonably could have interpreted this statement to mean that Waldrop performed these duties in a continuous manner during a certain period of time.

**AFFIRMED.**