PER CURIAM:
 

 In this social security case, claimant Maxine Barnes appeals from the denial of disability benefits under the Social Security Act (the “Act”), 42 U.S.C. §§ 416(i), 423 (1988). After exhausting her remedies, she appealed to the district court, claiming that the Administrative Law Judge improperly determined her previous work experience as a sewing machine operator to constitute “past relevant work,” as defined in 20 C.F.R. § 404.1565 (1990). Because we find that the record contained substantial evidence to support the Administrative Law Judge’s determination that such work did constitute “past relevant work,” we AFFIRM.
 

 Facts.
 

 On December 20, 1984, Ms. Barnes filed an application for a period of disability and disability insurance benefits pursuant to 42 U.S.C. §§ 416(i), 423. On February 6, 1985, the Department of Health and Human Services Social Security Administration (“HHS”) denied her application for disability insurance benefits. Ms. Barnes applied for reconsideration of her application in April of 1985, but her application was denied on reconsideration on May 23, 1985.
 

 On June 17, 1985, Ms. Barnes requested a hearing before an Administrative Law Judge (“AU”). After hearing all the evidence presented at the administrative hearing, the ALJ concluded that Ms. Barnes was not disabled within the meaning of the Act. On September 30, 1987, the Appeals Council denied Ms. Barnes’s request for review; therefore, the determination of the ALJ became the final decision of the Secretary of Health and Human Services.
 

 Ms. Barnes commenced this action in the United States District Court for the Northern District of Alabama on November 23, 1987. After reviewing the record, the district court remanded the case for further administrative proceedings. The district court remanded the case because it found that the AU had erred in relying solely upon the “grids” in the Medical-Vocational Guidelines, located at 20 C.F.R. § 404.1569 (1990), and Rule 201.28, Table No. 1, Appendix 2, Subpart P, Regulations No. 4, to find that the claimant was “not disabled” as defined by the Act. A new hearing was held. On September 19, 1989, a second AU concluded that Ms. Barnes was not disabled, because she could perform her past relevant work as a sewing machine operator. The Appeals Council adopted this recommendation on March 29, 1990. After reviewing the record, the district court affirmed.
 

 Ms. Barnes is a forty-one-year-old woman who has the equivalent of a high school education.
 
 [1]
 
 She has also received some vocational training in mechanics. Ms. Barnes has held several jobs over the preceding years. Her experience included work as a heavy equipment operator, a construction laborer, a machinist, and a sewing machine operator. Ms. Barnes testified that her disability began in August 1982 when she hurt her back while moving scaffolding boards. She met the disability insured status requirements on the alleged disability onset date and continued to meet them through September 30, 1986.
 

 Discussion.
 

 Ms. Barnes asserts that the district court erred in affirming the decision of the AU. She contends that the AU’s determination that she could perform her past relevant work as a sewing machine operator was not supported by substantial evidence. She claims this determination violated 20 C.F.R. § 404.1565. Because her benefits were denied as a result of this determination, she also claims that the decision to deny her benefits is not supported by substantial evidence.
 

 This court’s basis for judicial review of the Secretary’s determinations is provided by 42 U.S.C. § 405(g) (1988). The Secre
 
 *1354
 
 tary’s findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g);
 
 Martin v. Sullivan,
 
 894 F.2d 1520, 1529 (11th Cir.1990). Accordingly, the scope of our review of the Secretary’s factual determinations is limited to whether its findings were supported by “substantial evidence.”
 
 Martin,
 
 894 F.2d at 1929;
 
 Bloodsworth v. Heckler,
 
 703 F.2d 1233, 1239 (11th Cir.1983). Substantial evidence is more than a mere scintilla; it is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.”
 
 Richardson v. Perales,
 
 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The court need not determine whether it would have reached a different result based upon the record.
 
 See Walden v. Schweiker,
 
 672 F.2d 835, 838 (11th Cir.1982). Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence.
 
 Bloodsworth,
 
 703 F.2d at 1239 (citations omitted).
 

 Ms. Barnes contends her previous experience as a sewing machine operator is not “past relevant work” as defined in the regulations, and therefore that the Secretary’s determination that she is not disabled is not supported by substantial evidence. We find, upon a review of the record, that the AU’s determination is supported by substantial evidence.
 

 If a claimant for disability benefits is determined to retain the ability to perform her “past relevant work,” she will not be found to be disabled. 20 C.F.R. § 404.1520(e) (1990). The regulations provide that:
 

 We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity. We do not
 
 usually
 
 consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15 year
 
 guide
 
 is intended to insure that remote work experience is not currently applied.
 

 20 C.F.R. § 404.1565(a) (1990) (emphasis added). As applied to Ms. Barnes, Social Security Ruling 62-82 provides that the fifteen year period is the fifteen year period preceding the date the claimant’s disability insured status was last met.
 
 [2]
 
 Ms. Barnes last met the disability insured status on September 30, 1986. Therefore, work performed on or after September 30, 1971, would fall within the relevant fifteen year period. Ms. Barnes claims that her job as a sewing machine operator terminated more than fifteen years ago. She therefore objects to the AU’s use of that job as past relevant work. She claims that 20 C.F.R. § 404.1565 prohibits consideration of work done more than fifteen years ago as past relevant work.
 

 At this point, we note that the fifteen year limitation described by the regulations does not create a prohibition against considering work outside that period. Rather, our circuit has held that the limitation merely creates a “presumption of inapplicability” of skills and abilities acquired in work performed outside the fifteen year period.
 
 Macia v. Bowen,
 
 829 F.2d 1009, 1012 (11th Cir.1987).
 
 But see Diorio v. Heckler,
 
 721 F.2d 726, 728 (11th Cir.1983) (AU considered past work “in contravention of the regulations that
 
 prohibit
 
 consideration of any job held more than fifteen
 
 *1355
 
 years ago.” (emphasis added)).
 
 [3]
 
 However, we need not reach this issue in this case. The record in this case supports a finding that the prior work occurred within the fifteen year period.
 

 The record provides evidence which would allow a reasonable mind to conclude that Ms. Barnes’s work as a sewing machine operator is past relevant work. In the initial administrative hearing, Ms. Barnes testified that she worked as a sewing machine operator for three years following the birth of one of her children. At the time of her testimony on February 28, 1986, she testified that she had three children, ages 17, 14, and 11. She did not provide the dates of their births. She later testified at the second administrative hearing that she worked at that job for two or three years. She was unable to remember the exact dates either time she testified.
 

 The AU did not specifically analyze the applicability of Ms. Barnes’s sewing experience in light of 20 C.F.R. § 404.1565(a).
 
 [4]
 
 Nevertheless, the AU’s finding that her sewing job was past relevant work was reasonable. Ms. Barnes’s eldest child was seventeen in 1986. Presumably, she was born in 1969, perhaps as early as 1968. If Ms. Barnes did work two to three years beginning in 1968, the AU could have reasonably found that such work continued beyond September 30, 1971. If so, such work automatically qualifies as past relevant work under the regulations.
 
 [5]
 
 The AU reasonably could have concluded that Ms. Barnes was employed as a sewing machine operator through 1971. This conclusion is bolstered by the fact that the claimant bears the initial burden of proving that she is unable to perform her previous work.
 
 Lucas v. Sullivan,
 
 918 F.2d 1567, 1571 (11th Cir.1990);
 
 Cannon v. Bowen,
 
 858 F.2d 1541, 1544 (11th Cir.1988);
 
 Jones v. Bowen,
 
 810 F.2d 1001, 1005 (11th Cir.1986). The necessary consequence of this burden is that the claimant has the burden of showing that certain work experience is not past relevant work. Smith, 893 F.2d at 109. Ms. Barnes offered no evidence at the hearing to rebut the Secretary’s reasonable determination that she was able to perform her past relevant work as a sewing machine operator.
 

 We therefore conclude that the AU had substantial evidence to support his conclusion that Ms. Barnes’s experience as a sewing machine operator constituted past relevant work. Accordingly, we AFFIRM.
 

 [1]
 

 . Ms. Barnes completed the eighth grade in school, and has obtained her graduation equivalency diploma.
 

 [2]
 

 . According to Social Security Ruling 62-82:
 

 1. When deciding whether a claimant is disabled under title II or title XVI, the 15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level.
 

 2. In those title II cases in which the claimant's disability insured status was last met prior to adjudication, the work performed for the 15-year period preceding the date the title II disability insured status requirement was last met would generally be considered relevant, since the claimant's capacity for SGA [substantial gainful activity] as of that date represents a critical disability issue.
 

 3. When deciding whether a title II or a title XVI beneficiary
 
 continues
 
 to be disabled, relevant past work is work he or she performed in the 15-year period prior to adjudication of the issue of continuing disability.
 

 [3]
 

 . The Fifth and Sixth Circuits have ruled that the fifteen year cutoff is not mandatory.
 

 By the very terms of this regulation, fifteen years is not a bright-line rule but a "guide” intended to help the Secretary avoid concluding that a claimant who has worked in a job requiring certain marketable skills after the workplace has changed in its requirements. The regulation states that the Secretary does not “usually” consider work beyond the 15-year period to be applicable: giving the conventional meaning to the word "usually” means that the Secretary sometimes
 
 does
 
 look to work done before the 15-year period.
 

 Smith v. Secretary of Health and Human Services,
 
 893 F.2d 106, 109 (6th Cir.1989).
 
 See also Bowman v. Heckler,
 
 706 F.2d 564, 567 (5th Cir.1983) ("In deciding whether to pretermit such dated work experience, ... the Secretary is entitled to consider the particular kind of work involved and the extent to which the skills and abilities required have in fact changed over the years”).
 

 [4]
 

 . We note that Ms. Barnes never raised this issue in the first administrative hearing, nor did she raise it on appeal either to the Appeals Council or to the district court. On remand, counsel at no time during the administrative hearing contested the ALJ’s finding that Ms. Barnes’s sewing machine job was past relevant work experience. Additionally, in the memorandum brief appealing the second ALJ’s determination to the Appeals Council, counsel did not argue that Ms. Barnes’s job as a sewing machine operator occurred more than fifteen years after the termination of insurance benefits. Instead, counsel claimed that the ALJ’s determination was unreasonable by basing “a decision of ‘not disabled’ on the alleged ability of claimant to return to a job she performed for only three months
 
 nearly
 
 fifteen years ago.” (R-10, at 185 (emphasis added)). The first time she raised the issue now before us was at the district court level.
 

 [5]
 

 .Ms. Barnes did not specify after which child’s birth she began to work as a sewing machine operator. Conceivably, she could have begun her work after the birth of her second child in 1972, well within the fifteen year period.