12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elizabeth B. MACK, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 92-3922.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Elizabeth Mack appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny Mack disability benefits. We review the record to determine if the Secretary's decision was supported by substantial evidence. Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 538 (7th Cir.1992).
 
 
 2
 To be eligible for benefits a claimant must have disability-insured status in the calendar quarter in which she became disabled. 20 C.F.R. Secs. 404.131(a), 404.320(b)(2). Mack's insured status expired on September 30, 1972. She must prove that she became disabled, as defined by the Social Security Act (Act), on or before that date, and that she was continuously disabled for at least twelve months before she applied for benefits. 20 C.F.R. Secs. 404.315(c), 404.320(a). The ALJ found that although Mack may have been disabled at the time of the administrative hearing in 1989, she was not disabled within the meaning of the Act at the time her insured status expired in 1972.
 
 
 3
 Substantial evidence supports the ALJ's findings. Although Mack contracted polio at the age of three and was subsequently diagnosed as suffering from post-polio syndrome, the ALJ was entitled to conclude that her symptoms in September 1972 did not render her disabled. When she saw Dr. Welsh in June 1972, Mack reported pain in the lower back and right leg areas. In September 1972 Mack reported that her pain had lessened. Her next visit was in May 1973, and the notes reflect that she had "gotten along well ... [had] little or no backache ... [had] just returned from a vacation trip and was very active and had no ill effects." Dr. Welsh discharged her at that time. Mack did not seek subsequent treatment until 1975. It was also reasonable for the ALJ to conclude that because post-polio syndrome is a progressive disease and Mack was performing light housework as late as 1989, her symptoms in 1972 were not so severe as to render her unable to work. Mack argues that because the effects of post-polio syndrome were not known in the 1970s her medical records from those years should not be conclusive. A fair point, but neither was the ALJ obliged to ignore them.
 
 
 4
 Mack testified that she experienced fatigue and other symptoms after her pregnancy in 1967, and in a recent evaluation consisting of clinical examinations and review of medical records Dr. Vattakattcherry opined that Mack has been suffering from the delayed effects of polio since the birth of her son in 1967. The ALJ found Mack generally credible regarding her condition at the time of the hearing, but not accurate in recollecting with regards the severity of her impairments during the period of her insured status; the ALJ rejected Dr. Vattakattcherry's opinion as unsupported by the treatment records from 1972. As a reviewing court, we may not reweigh the evidence; we decide only whether the ALJ's determination is patently wrong. Wolfe v. Shalala, 997 F.2d 321, 326 (7th Cir.1993). The ALJ was required to consider recent evidence regarding Mack's condition during her insured period of time; Ray v. Bowen, 843 F.2d 998, 1005 (7th Cir.1988), but was entitled to give dominant weight to the contemporaneous records, which reflected minimal complaints. Anderson v. Sullivan, 925 F.2d 220, 222 (7th Cir.1991).
 
 
 5
 Mack argues that the ALJ improperly disregarded her complaints of pain because they were unsupported by objective medical evidence. If this were the case, we might have to remand to the ALJ for further findings. The Secretary's recent clarifying regulations direct that the severity of pain may not be dismissed solely due to a lack of objective medical evidence. 20 C.F.R. Secs. 404.1529 and 416.929. These regulations did not change the regulations in effect at the time of the Secretary's determination of Mack's claim. Pope v. Shalala, 998 F.2d 473, 480 (7th Cir.1992). The ALJ's decision to discount Mack's testimony regarding the severity of her pain in 1972 was based not only on the absence of objective medical evidence, but also on the implications of her treatment records. It was reasonable for the ALJ to conclude from the absence of recorded complaints from September 1972 to May 1973 that Mack did not suffer from a disability for a continuous period of a least twelve months. The dearth of complaints at the time is more reliable, an ALJ may conclude, than recollections 20 years later.
 
 
 6
 Mack asserted that the ALJ should have called a medical advisor to help establish the onset date of disability and cites several cases which state the importance of establishing the precise onset date. The task of finding this date arises only after a finding of disability, and all the cases go to this issue. But when the date does not matter--1980 versus 1985, say, makes no difference--it would be pointless to spend time and energy on the subject. The finding of no disability as of the last eligibility date is dispositive.
 
 
 7
 Mack's remaining arguments have been waived. She argues that the required use of a cane and the fusion of her left knee and ankle precluded her from performing sedentary work in 1972. Mack failed to raise this contention before the Appeals Council and in her objections to the magistrate's report and recommendation. Papindick v. Sullivan, 969 F.2d 298, 302 (7th Cir.1992); Barnes v. Sullivan, 932 F.2d 1356, 1359 n. 4 (11th Cir.1991). Mack also has waived her argument that the ALJ improperly used the grid, because she raises the claim for the first time in her reply brief. Horn v. Transcon Lines, No. 93-1576 (7th Cir. Oct. 20, 1993) slip op. 5.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record