**Beatrice DUDLEY, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner, Social Security, Defendant.**

No. Civ.A.1:97–CV–2065–TWT.

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 22, 1999.

Charles Lee Martin, Office of Charles L. Martin, Decatur, GA, for Beatrice Dudley, plaintiff.

David Wright, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, for Kenneth S. Apfel, defendant.

*ORDER*

THRASH, District Judge.

■ This is an appeal from the Commissioner's denial of Social Security disability benefits. It is before the Court on the Report and Recommendation of the Magistrate Judge [Doc. No. 14] recommending affirming the decision of the Commissioner. The review of the Commissioner's decision is not a de novo review. The Court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Graham v. Bowen,* 790 F.2d 1572, 1574 (11th Cir.1986); *Barnes v. Sullivan,* 932 F.2d 1356, 1358 (11th Cir.1991). The Commissioner's findings must be affirmed if they are supported by substantial evidence. *Barnes,* 932 F.2d at 1358. Substantial evidence is more than a mere scintilla. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

The Plaintiff filed her application for Social Security disability benefits on November 30, 1993. She alleged an inability to work beginning August 1, 1993, due to an impairment affecting her eyes. Subsequently, she alleged additional impairments, including back pain, diabetes and high blood pressure. Her applications were denied initially and on reconsideration. On September 14, 1995, she had a hearing before an Administrative Law Judge who found that she was not entitled to benefits because her impairments did not prevent her from performing her past relevant work.

■ At the time of her hearing, Plaintiff was 56 years old. She has a ninth grade education and past relevant work experience as a cleaner at the Georgia Dome and

before that at motels. She is blind in her left eye. She has glaucoma and a reduced field of vision in her right eye. She has diabetes and high blood pressure. She has been diagnosed as having arthritis in her left shoulder and left hip. She has chronic low back and leg pain that increases with bending. She has right knee pain and swelling due to osteoarthritis. The Administrative Law Judge found that:

> The claimant lacks the residual functional capacity to lift and carry more than 20 pounds or more than 10 pounds on a regular basis, bend repeatedly or perform tasks requiring binocular vision.

Nevertheless, the Administrative Law Judge found that Plaintiff "retains the residual functional capacity to return to her past work, or alternatively, to make a vocational adjustment to other work."

It is undisputed that Plaintiff is not working and that she has a severe impairment. The impairment does not meet or equal an impairment described in the listing of impairments. Plaintiff was determined not to be disabled at the next step of the evaluation, i.e., whether she can perform past relevant work. Social Security Ruling 82–61 provides that a claimant can return to past relevant work if she can perform the specific job she performed, either in the manner she performed it, or as it is usually performed in the national economy. The Vocational Expert testified that cleaning jobs at sports facilities require constant bending. She testified that less than one third of all cleaning jobs require less bending. Applying Social Security Ruling 82–61, the Court finds that there is not substantial evidence to support the ALJ's conclusion that Plaintiff can perform past relevant work. It is undisputed on this record that Plaintiff's past work involved constant bending. The testimony of the Vocational Expert is that cleaning jobs, as usually performed, involve more than occasional bending. The Court finds that there is an absence of such relevant evidence as a reasonable mind might accept as adequate to support the conclusion that Plaintiff can perform past relevant work. The Court declines to adopt the Report and Recommendation of the Magistrate Judge. The denial of benefits is REVERSED and the action is REMANDED to the Commissioner to determine whether there are jobs that Plaintiff can perform taking into account her limitations with respect to age, education and experience. See 20 C.F.R. Part 404, Subpart P., Appendix 2.

SO ORDERED, this 20 day of November, 1999.