[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13571
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00102-GRJ

TIMOTHY LARRY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 7, 2013)

Before TJOFLAT, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Timothy Larry appeals from the judgment of the Magistrate Judge affirming

the Commissioner's denial of his applications for disability insurance benefits, 42

U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1383(c)(3). In that the Administrative Law Judge (ALJ), contrary to Mr. Larry's position, fully developed the record and substantial evidence supports his decision, we affirm the judgment on appeal.[1]

This matter began on January 10, 2007, when Mr. Larry applied to the Social Security Administration for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. He alleged that beginning June 18, 2005, he had a disability due to diabetes, a bad right hand, arthritis, and asthma. The agency denied his applications initially on June 29, 2007, and upon reconsideration on December 19, 2007. Thereafter, he requested and was granted a hearing before an ALJ, which was held on October 16, 2009. The ALJ issued a decision denying his applications on December 9, 2009. Mr. Larry appealed the ruling to the Appeals Council, and it denied his request for review on June 7, 2011.

As the Magistrate Judge did, we review the ALJ's decision as the Commissioner's final decision.[2] _Falge v. Apfel,_ 150 F.3d 1320, 1322 (11th

---

[1] Mr. Larry's argument that the Commissioner failed to consider new evidence he submitted to the Appeals Council lacks merit. Larry did not explicitly challenge the AC's denial of review in his opening brief in this appeal; hence, we do not consider this new evidence. Rather, we consider the evidence that was before the ALJ in determining whether the ALJ's decision was supported by substantial evidence.

[2] We do this when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision.

2

Cir.1998), *cert. denied,* 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 905 (1999).

We review the Commissioner's factual findings under the substantial evidence test; they are conclusive if supported by such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id*. *See also* 42 U.S.C. § 405(g). And if substantial evidence supports the Commissioner's decision, we will affirm it even if we think the evidence actually preponderates against it. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). We review *de novo* the Commissioner's legal conclusions. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

The claimant bears the burden of proving that he is disabled, and, thus, is responsible for producing evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). However, "[b]ecause a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is required to develop the medical history for the twelve months prior to the date the application for disability benefits is filed but is not bound to develop the record after that date. *Ellison*, 355 F.3d at 1276; 20 C.F.R. § 416.912(d). In determining whether the ALJ has failed to develop the record fully, as Mr. Larry argues here, we are guided by whether the record reveals evidentiary gaps that result in unfairness or clear prejudice. *See Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir.

3

1995) (holding that there must be a showing of prejudice before we will find a claimant's rights under due process have been violated by a failure to develop the record).

## I.

Mr. Larry contends that the ALJ disregarded his duty to fully and fairly develop his medical record. We disagree. At the hearing, his attorney supplied the ALJ with additional records, and the ALJ stated that he had medical records dating through 2008. The ALJ then specifically asked Mr. Larry if he had any additional exhibits, and his attorney replied that the record was complete. Thus, any alleged error the ALJ may have made in not obtaining more recent medical records was invited. *See Ford ex. rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1293-94 (11th Cir. 2002).[3]

Moreover, since Mr. Larry filed his initial applications for disability benefits on January 10, 2007, the ALJ was bound to develop the medical record for the twelve-months' period prior to January 2007, which he did. *See Ellison*, 355 F.3d at 1276. Mr. Larry has not argued that the ALJ failed to develop the medical

---

[3] "'It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.' United States v. Ross, 131 F.3d 970, 988 (11th Cir.1997) (quoting Crockett v. Uniroyal, Inc., 772 F.2d 1524, 1530 n. 4 (11th Cir.1985))." *Ford ex. rel. Estate of Ford*, 289 F.3d at 1283.

record regarding this time period.  Further, the record does not reveal an evidentiary gap that clearly prejudiced Mr. Larry.  *See Brown*, 44 F.3d at 935.

## II.

A claimant must be under a disability to be eligible for disability insurance benefits and supplemental security income.  *See* 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2).  A claimant is disabled if unable to engage in substantial gainful activity by reason of a medically-determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A).

The social security regulations establish a five-step, sequential evaluation process to determine disability for disability benefits claims.  *See* 20 C.F.R. § 404.1520(a)(4).  The ALJ must evaluate: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; or (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in light of the claimant's RFC, age, education and work experience, there are other jobs in the national economy the claimant can perform.  *Id.*

A person who does not have a severe impairment, or who can make an adjustment to other work, is not disabled. 20 C.F.R. § 404.1520(a)(4)(v), (c), (g)(1); 20 C.F.R. § 416.920(a)(4)(v), (c), (g)(1). A severe impairment is an impairment or combination thereof that significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."); 20 C.F.R. § 416.921(a) (same). Only claims based upon the most trivial impairments may be rejected, and an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (regarding the threshold inquiry of Step 2).

Here, substantial evidence supports the ALJ's finding that Mr. Larry's anxiety and depression did not constitute severe mental impairments, at least up to December 9, 2009. Although the record reveals diagnoses of anxiety and depression and the use of psychotropic medications, the medical records showed that Mr. Larry reported improvement with medication and that he had only minimal treatment for his mental impairments. With regard to his diabetes neuropathy and numbness in his right leg, the record reveals that he generally had normal sensation and full strength in all muscles. Moreover, the ALJ fully

considered his sleep concerns, complaints of fatigue, and possible diagnosis of obstructive sleep apnea.  Medical records reveal that he was diagnosed with sleep apnea in February 2009.  That record was not presented to the ALJ, but, was submitted as part of the record to the Appeals Council.  Thus, we need not consider this diagnosis.  Finally, although the ALJ did not specifically discuss Mr. Larry's presumptive diagnosis of sarcoidosis, substantial evidence in the record demonstrates that the sarcoidosis was not a severe impairment and that the ALJ considered the medical records dealing with that condition.

In sum, substantial evidence supports the conclusion that Mr. Larry had no severe impairments and thus was ineligible for disability insurance benefits and supplemental security income.

AFFIRMED.