[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14454
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01204-JFK


TODD BERNARD MILES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____


(June 21, 2016)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Todd Miles appeals the district court's judgment affirming the Commissioner of Social Security's (the "Commissioner") final decision denying his application for a period of disability and disability insurance benefits, 42 U.S.C. §§ 405(g), 1383(c)(3).  On appeal, Miles argues that the administrative law judge ("ALJ") erred by discrediting Miles's testimony regarding pain and by substituting his own medical diagnosis for the opinions of medical providers. After careful consideration, we affirm the district court's judgment in favor of the Commissioner.[1]

## I.

Miles, who previously worked as a mail carrier and postal clerk, applied for disability benefits, claiming that he was disabled due to headaches, mental disorder, back pain, neck pain, diabetes, high blood pressure, and shoulder pain. After a hearing, the ALJ denied his application, finding that because Miles could perform light work subject to certain limitations, there were a significant number of jobs in the national economy that he could perform.  The Appeals Council denied Miles's request for review.  Miles then filed an action in federal district court, asking the district court to reverse the Commissioner's decision.  After

---

[1] Because we write only for the parties, we set out only those facts necessary to explain our decision.

briefing, the district court affirmed the Commissioner's decision.  This is Miles's appeal.

## II.

We review the decision of the ALJ as the Commissioner's final decision when, as here, the ALJ denies benefits and the Appeals Council denies review. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  "[W]e review *de novo* the legal principles upon which the Commissioner's decision is based."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  The Commissioner's factual findings are reviewed with deference, and the "factual findings are conclusive if they are supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Doughty*, 245 F.3d at 1278 (internal quotation marks omitted).  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence."  *Moore*, 405 F.3d at 1211.

## III.

An individual claiming disability benefits must prove that she is disabled. 42 U.S.C. § 423(a)(1)(E).  In determining whether a claimant is "disabled," the

ALJ in a sequential process examines whether the claimant: (1) is engaging in substantial gainful activity; (2) has a severe and medically determinable impairment; (3) has an impairment or combination of impairments that satisfies the criteria of a "listing"; (4) can perform her past relevant work in light of her present abilities, which comprise her residual functional capacity ("RFC"); and (5) can adjust to other work in light of her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

On appeal, Miles asserts that the ALJ erred in the analysis of whether he was disabled by (1) improperly discounting his subjective complaints of pain and (2) substituting his own medical diagnoses for the diagnoses of two physicians. We consider these arguments in turn.

### A.

Miles testified before the ALJ that he experienced neck pain, shoulder pain, back pain, and chronic headaches. He described how his neck pain radiated into his upper extremities and how he experienced weakness and numbness in his upper extremities. He also testified that he had lower back pain from a herniated disk and experienced constant headaches. The ALJ found that Miles's statements about the intensity, persistence, and limiting effects of these symptoms were not entirely credible. Although Miles asserts that the ALJ erred by rejecting his subjective complaints of pain, we discern no error.

4

When a claimant attempts to establish a disability through his own testimony concerning pain or other subjective symptoms, we require "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work.  20 C.F.R. § 404.1529(c)(1).  In assessing the claimant's credibility about her symptoms and their effects, the ALJ must consider in addition to the objective medical evidence: the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to relieve the symptoms; treatment, other than medication, for pain; any other measure used to relieve the symptoms; and any other factors concerning functional limitations and restrictions due to the symptoms.  *Id.* § 404.1529(c)(3).

The ALJ is not required to discuss every piece of evidence so long as the decision does not broadly reject the claimant's case and the decision is sufficient for a reviewing court to conclude that the ALJ considered the claimant's medical

5

condition as a whole.  *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).  "If proof of disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (internal quotation marks omitted).

We conclude that the ALJ properly applied our Court's pain standard and that substantial evidence supports the ALJ's determination that Miles's testimony was not credible.  The ALJ correctly recited our standard in his decision and indicated that he considered all Miles's symptoms based on the requirements set forth in 20 C.F.R. § 404.1529.  Then, the ALJ articulated specific reasons for his credibility determination.  The ALJ explained that approximately a year after a 2006 neck surgery, Dr. David Gower, the surgeon who operated on Miles, stated he could not find an objective reason why Miles could not return to work and opined that Miles was malingering.  And the ALJ explained that medical records from other physicians contradicted Miles's subjective complaints of pain.  These records indicated that Miles had a normal gait, normal muscle strength, normal range of motion in his back and shoulders, normal fine and gross coordination, and normal x-rays of the lumbar and cervical spine.  The ALJ also noted Miles was only taking over-the-counter medication for his pain.  *See* 20 C.F.R.

§ 404.1529(c)(3)(iv) (permitting an ALJ to consider the type of medication used to alleviate a claimant's pain).  We conclude that substantial evidence supports the ALJ's decision not to credit Miles's subjective complaints of pain.  *See Wilson*, 284 F.3d at 1226 ("In citing to § 404.1529 and based on the findings and discussion, it is clear that the ALJ applied this Circuit's pain standard.").[2]

Miles also argues that the ALJ unfairly characterized his daily activities based on his testimony.  There is no question that the ALJ was required to consider Miles's daily activities in considering the severity of his pain.  *See* 20 C.F.R. § 404.1529(c)(3).   The ALJ relied on portions of a function report Miles completed showing that he could prepare simple meals, do laundry, drive, shop in stores, pay bills, use a checkbook, and handle a savings account.  Miles contends that the ALJ erred by considering only his statements that supported the conclusion that he was not disabled while ignoring his other statements that supported a disability finding.  We reject Miles's assertion that the ALJ erred by not discussing all portions of the function report because the ALJ's opinion make clear that the ALJ considered Miles's condition on the whole.  *See Mitchell*, 771 F.3d at 782.

---

[2] Miles further argues that the ALJ improperly based the credibility determination on the fact that Miles was able to return to work for a period of time after he was in a motor vehicle accident and had neck surgery.  But we have recognized that the fact that the claimant was able to work for several years in spite of his injuries constitutes substantial evidence to support the ALJ's decision that the claimant was not disabled when medical opinions also support the conclusion that the claimant was not disabled.  *See Ellison v. Barnhart*, 355 F.3d 1272, 1275-76 (11th Cir. 2003).

B.

Miles also argues that the ALJ erred by substituting his own medical diagnoses for the opinions of examining physician Dr. James and treating physician Dr. Kingloff.  We conclude there is no error.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).  In weighing a medical opinion, the ALJ must consider, among other things, the medical source's treatment and examining relationship with the claimant, the evidence supporting the opinion, and the opinion's consistency with the record as a whole.  20 C.F.R. § 404.1527(c).  Generally, the opinions of treating physicians are given more weight than examining physicians.  *See id.*

Dr. James, who examined but did not treat Miles, opined that CT scans showed Miles had spinal stenosis and compression of the nerve root.[3]  The ALJ gave little weight to Dr. James's opinion on the basis that it was inconsistent with other evidence in the record.  Although Dr. James reported that CT scans showed compression of the nerve root in Miles's cervical and lumbar spine, the ALJ found that the CT scans showed only "minimal proximal left S1 nerve root effacement."

---

[3] Dr. James also opined that Miles was totally and completely disabled.  Of course, this opinion cannot be controlling because that decision is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled.").

8

ALJ Decision at 9 (Doc. 7-2).[4] Miles argues that the ALJ substituted his own medical diagnoses for the opinion of Dr. James when he characterized the root effacement as "minimal." We disagree. The ALJ's description of the CT scans is consistent with the opinion of Dr. Gower who treated Miles and also reviewed the CT scans. Dr. Gower opined that while the scans showed some "minor frontal stenosis," he was "not at all convinced that this is the source of any component of [Miles's] pain." Progress Note (Doc. 7-7). Given these conflicting medical opinions about the CT scans, we cannot say that the ALJ erred in giving greater weight to the opinion of Dr. Gower, who treated Miles, over the opinion of Dr. James, who merely examined him.

Miles also argues that the ALJ "put words into the mouth" of Dr. Kingloff, a physician who treated Miles, Appellant's Br. at 25, by stating that Dr. Klingoff "believe[d] the claimant's physical problems have been largely resolved." ALJ Decision at 8 (Doc. 7-2). We disagree. Substantial evidence supports the ALJ's characterization of Dr. Klingoff's opinion. In treatment notes, Dr. Kingloff repeatedly stated that Miles needed and would be helped by psychiatric counseling. When Miles reported neck and back pain, Dr. Kingloff noted that he was not prescribing any medication because psychiatric treatment was "going to be the only therapy that is really going to help [Miles]." These records constitute

---

[4] Citations to "Doc." refer to docket entries in the district court record in this case.

9

substantial evidence supporting the ALJ's conclusion that Dr. Klingoff believed Miles's physical problems had been largely resolved.  Accordingly, the ALJ did not insert his own diagnosis in the place of Dr. Klingoff's medical professional opinion.

## IV.

For the reasons set forth above, the district court's judgment is affirmed.

**AFFIRMED.**