[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10281

Non-Argument Calendar

_____

SHERRY HARVEY,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00996-CLM

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Sherry Harvey appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration to deny her application for supplemental security income. She argues that the administrative law judge ("ALJ") erred in assessing her residual functional capacity. After careful consideration, we affirm the district court's judgment in favor of the Commissioner.

I.

Harvey, who suffered from several medical conditions including degenerative disc disease in her lumbar spine, peripheral neuropathy, degenerative joint disease in her feet, and carpal tunnel syndrome, applied for supplemental security income. After her application was denied, Harvey requested and received a hearing before an ALJ.

At the hearing before the ALJ, Harvey testified and described the limitations that she experienced. The ALJ also reviewed Harvey's medical records as well as function reports from Harvey and a friend identifying the limitations that Harvey experienced due to her impairments.

After reviewing the record, the ALJ issued a written decision finding that Harvey was not disabled. The ALJ applied the five-step sequential evaluation process. At the first step, the ALJ determined

that Harvey had not engaged in substantial gainful activity since applying for benefits. At step two, the ALJ concluded that Harvey had severe impairments, including degenerative disc disease in her lumbar spine, peripheral neuropathy, degenerative joint disease in her feet, and bilateral carpal tunnel syndrome.[1] At the third step, the ALJ found that Harvey did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

The ALJ then assessed Harvey's residual functional capacity. The ALJ found that Harvey could perform light work with certain limitations. The limitations were that she could engage in no more than occasional balancing, stooping, kneeling, crouching, crawling, grasping, fingering, feeling, pushing or pulling with her right foot, or climbing of ramps or stairs. The ALJ also determined that she needed to avoid exposure to extreme cold; humidity; and hazards, including open flames, unprotected heights, and dangerous moving machinery. And, the ALJ found, Harvey had to alternate between sitting and standing every 20 minutes through the workday.

In assessing Harvey's residual functional capacity, the ALJ considered Harvey's statements about the limitations that she faced due to her pain. The ALJ found that her impairments could

---

[1] The ALJ also found that Harvey suffered from mental impairments but they were not severe. Because Harvey's arguments on appeal relate to the limitations that arise from only her physical impairments, we do not discuss further her mental impairments.

reasonably be expected to cause pain. But the ALJ ultimately concluded that her "statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Doc. 12-3 at 24.[2] The ALJ explained that Harvey's statements conflicted with her medical records and were inconsistent with the activities that she reported being able to complete, including "raising her nine-year-old son, attend[ing] his school activities, and [being] able to do activities such as shopping." Id. at 26.

At step four, the ALJ concluded, based on her residual function capacity, that Harvey could not perform her past relevant work. And at step five, the ALJ found that there were a significant number of jobs in the national economy that she could perform given her age, education, and residual functional capacity. Accordingly, the ALJ found that she was not disabled.[3]

Harvey then filed an action in federal district court. The district court affirmed the Commissioner's decision. This is Harvey's appeal.

## II.

When, as here, an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the

---

[2] "Doc." numbers refer to the district court's docket entries.

[3] Harvey requested that the Appeals Council review the ALJ's decision, but the Appeals Council denied the request for review.

Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's decision to determine whether it is supported by substantial evidence, but we review *de novo* the legal principles upon which the decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence refers to "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Our limited review precludes us from "deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.* "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## III.

A disabled individual may be eligible for supplemental security income. *See* 42 U.S.C. § 1381a. To determine whether a claimant is disabled, an ALJ applies a sequential evaluation process to determine whether the claimant: (1) is engaging in substantial gainful activity; (2) has a severe and medically determinable impairment or combination of impairments; (3) has an impairment or combination of impairments that satisfies the criteria of a listing; (4) can perform her past relevant work in light of her residual functional capacity; and (5) can adjust to other work in light of her residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(a)(4).

Harvey raises three challenges to the ALJ's assessment of her residual functional capacity. First, she says that the ALJ failed to sufficiently explain the basis of his assessment and thus ran afoul of Social Security Ruling 96-8p, 61 Fed. Reg. 34,474 (July 2, 1996). Second, she argues that the ALJ erred in not crediting fully her statements about the limitations caused by her pain. Third, she argues that substantial evidence did not support the ALJ's conclusion that she remained able to complete light work, subject to certain exertional limitations. We address each argument in turn.

## A.

First, Harvey says that the ALJ erred by failing to explain his assessment of her residual functional capacity as required by Social Security Ruling 96-8p. We conclude that the ALJ's explanation complied with the Ruling.

In assessing a claimant's residual functional capacity, an ALJ considers the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 416.945(a)(4). The ALJ must consider all "relevant medical and other evidence," including "any statements about what [the claimant] can still do that have been provided by medical sources" and "descriptions and observations" of the claimant's limitations provided by the claimant, her family, neighbors, friends, or others. *Id.* § 416.945(a)(3). Under Social Security Ruling 96-8p, the ALJ's residual functional capacity assessment must include "a narrative discussion describing how the evidence supports each conclusion" and "cit[e] specific medical facts . . . and nonmedical evidence." SSR 96-8p, 61 Fed.

Reg. at 34,478. Ruling 96-8p also provides that the ALJ "must discuss the [claimant's] ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis." *Id.*

Harvey argues that the ALJ failed to comply with SSR 96-8p because his assessment of her residual functional capacity was "conclusory and [did] not contain any rationale or reference to the supporting evidence." Appellant's Br. at 23. We disagree. The ALJ explained the basis for his residual functional capacity assessment in a narrative that spanned several pages. *See* Doc. 12-3 at 23–27. The ALJ described in detail how the record evidence supported his assessment and discussed specific medical facts (such as the results from Harvey's x-rays and bone scans) as well as nonmedical evidence (such as statements about Harvey's daily activities). The record contradicts Harvey's assertion that the ALJ's assessment was conclusory and failed to refer to evidence.

## B.

Harvey next argues that the ALJ erred in finding that evidence of her daily activities "diminish[ed] the persuasiveness of her allegations" that she was disabled. Appellant's Br. at 13. We see no error.

To establish disability based on testimony about subjective pain, a claimant must show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to

the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the objective medical evidence establishes the claimant suffered from an impairment that could reasonably be expected to produce the claimed pain, the ALJ must evaluate the intensity and persistence of the claimant's alleged pain and consider "all of the available evidence" from both medical and nonmedical sources. 20 C.F.R. § 416.929(c)(1). An ALJ considers the following factors when making this evaluation: (1) the claimant's daily activities; (2) "[t]he location, duration, frequency, and intensity of" the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) "[t]he type, dosage, effectiveness, and side effects of" the claimant's medications; (5) any treatment other than medication that the claimant has received; (6) any other measures the claimant uses to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations. *Id.* § 416.929(c)(3).

In this case, the ALJ properly applied the pain standard when considering Harvey's testimony. Harvey nevertheless argues that the ALJ erred in considering her participation in certain daily activities when evaluating the intensity and persistence of her pain. But the ALJ properly considered evidence of her daily activities alongside other relevant factors, including her reporting to her doctors that medication was effective in treating her pain and that she relied on other measures to decrease her pain. We thus cannot say that the ALJ erred. *See Moore*, 405 F.3d at 1212 (upholding ALJ's evaluation of claimant's allegations regarding symptoms when the ALJ relied in part "on the inconsistencies between [the claimant's]

descriptions of her diverse daily activities and her claims of infir-mity").

## C.

Harvey also argues that in assessing her residual functional capacity, the ALJ erred by concluding that she could perform light work with certain limitations. We hold that substantial evidence supported the ALJ's assessment.

Under the relevant regulations, light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). A job in this category may require "a good deal of walking or standing" or involve "sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

In challenging the ALJ's assessment that she remained able to complete light work, Harvey points to medical evidence that she says shows she was unable to complete this type of work on a full-time basis. But under our deferential standard of review, the relevant question is not whether some evidence in the record supported Harvey's position. Instead, it is whether substantial evidence supported the ALJ's assessment. *See Moore*, 405 F.3d at 1211. We therefore ask whether there was evidence "a reasonable person would accept as adequate" to support the ALJ's conclusion that Harvey could perform light work, subject to certain limitations, on a regular and continuing basis. *Id.*

After reviewing the record, we conclude that a reasonable person would accept the record evidence as adequate to support the ALJ's conclusion. It is true that Harvey suffered from degenerative disc disease, neuropathy, degenerative joint disease in her feet, and carpal tunnel syndrome. But as the ALJ noted and the record reflects, during her medical examinations, Harvey "predominantly presented in no apparent acute or chronic distress." Doc. 12-3 at 24. In addition, she had no muscle atrophy and exhibited full strength in her lower extremities. And she had normal dexterity; normal grip strength; and normal range of motion in her wrists, hands, and finger joints. We thus conclude that substantial evidence supported the ALJ's assessment that Harvey could perform light work, subject to certain modifications.

## IV.

For the reasons set forth above, we affirm the Commissioner's decision to deny benefits.

**AFFIRMED.**