[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10654

Non-Argument Calendar

_____

OLEN FAISON,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02901-SPF

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Olen Faison appeals the district court's order affirming the Commissioner of Social Security's denial of his application for a period of disability and disability insurance benefits. He argues that the administrative law judge ("ALJ") erred in assessing his residual functional capacity by not relying on uncontroverted medical opinion evidence. After careful review, we affirm.

**I.**

Faison applied for a period of disability and disability insurance benefits with the Social Security Administration, alleging that he was disabled due to various impairments.[1] An ALJ held multiple evidentiary hearings on Faison's application for benefits.[2] The record before the ALJ showed that Faison was a Navy veteran who had previously worked for the Department of Veterans Affairs ("VA") at a VA hospital as a purchasing agent. Faison testified that he was no longer able to work due to a variety of impairments,

---

[1] Because we write for the parties, we assume their familiarity with the underlying record and include only what is necessary to resolve this appeal.

[2] After the first two hearings, the ALJ found that Faison was not disabled and denied his application for benefits. Faison sought review of that decision in the district court, which reversed the Commissioner's decision and remanded for further proceedings. *See Faison v. Comm'r of Soc. Sec.*, No. 8:19-cv-1959, 2020 WL 13401909, at *5 (M.D. Fla. Aug. 27, 2020). Upon remand, the ALJ held a third evidentiary hearing.

including post-traumatic stress disorder ("PTSD") and anxiety. Faison reported that due to these conditions, he had problems following instructions, had difficulty managing stress, had panic attacks around crowds, and found it hard to learn a new routine.

The evidence before the ALJ included Faison's medical records. The ALJ also reviewed VA determinations that Faison was disabled. In 2010, the VA determined that Faison had a service-connected disability rating of 100%, 70% of which was assessed for "[r]ecurrent major depressive disorder without psychotic features; post traumatic stress disorder; panic disorder; and intermittent explosive disorder." Doc. 8-7 at 2.[3] In a later review in 2016, the VA again concluded that he had a service-connected disability rating of 100%, this time with 70% assessed for panic disorder.

The record before the ALJ also included evidence about a 2015 incident when Faison was seeking care at a VA clinic. A health care worker reported that Faison had made a statement reflecting suicidal ideation. As a result, Faison was involuntarily committed overnight. Both at the time of his commitment and before the ALJ, Faison denied making any statement reflecting suicidal ideation or that he would hurt himself.

After reviewing the entire record, the ALJ issued a decision concluding Faison was not disabled. The ALJ used the five-step sequential evaluation framework to evaluate whether Faison was

---

[3] "Doc." numbers refer to the district court's docket entries.

disabled. At the first step, she found that Faison had not been engaged in substantial gainful activity during the relevant time period.

At the second step, the ALJ found that Faison suffered from the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the wrists and knees, and obesity. She acknowledged that Faison also had been diagnosed with depression and anxiety but concluded that these mental impairments were not severe because they "did not cause more than minimal limitation in [Faison's] ability to perform basic mental work activities." Doc. 8-18 at 15. The ALJ explained that treatment notes showed that for his mental health conditions, Faison received "only conservative treatment, which appear[ed] to have been successful." *Id.* at 16.

At the third step, the ALJ determined that Faison did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.

The ALJ then assessed Faison's residual functional capacity. She concluded that Faison could engage in light work with certain exertional limitations. But she determined that Faison's mental impairments "cause[d] . . . no more than minimal limitations in his ability to perform basic work activities." *Id.* at 25. In reaching this conclusion, the ALJ found that Faison's "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 24.

The ALJ acknowledged that State agency psychological consultants had opined that Faison's anxiety disorder caused moderate limitations in several areas, including interacting with others; maintaining concentration, persistence, and pace; following instructions; responding to criticism; and responding appropriately to changes in a work setting. But the ALJ assigned these opinions "little weight" because they were inconsistent with Faison's medical records from during the period, which showed that he had "no more than mild symptoms and limitations." *Id.* at 18.

The ALJ also acknowledged that the VA had assigned Faison a 70% disability rating for his mental impairments. But the ALJ found that this rating was of "little probative value" because "substantial evidence of record . . . support[ed] a departure from the VA's decision." *Id.* at 25.

Based on the residual functional capacity assessment, the ALJ concluded at step four that Faison was able to perform his past relevant work as an order clerk. The ALJ thus determined that Faison was not disabled during the relevant time period.

Faison sought review from the Appeals Council, arguing that the ALJ "erred in the evaluation of [his] mental impairments." *Id.* at 2. The Appeals Council disagreed, concluding that the "evidence [did] not . . . indicate" that Faison had "more than a minimal limitation in [his] ability to do basic work activities." *Id.* at 3. Because the ALJ's decision was "consistent with [the] applicable laws, regulations, and Social Security Rulings," the Appeals Council declined to assume jurisdiction. *Id.*

Faison then filed an action in district court alleging that the Commissioner improperly denied him benefits. Before the district court, Faison raised just one issue: "Whether the ALJ erred by substituting her opinion for the medical opinion evidence of record." Doc. 18 at 5.

The district court affirmed the Commissioner's decision, concluding that substantial evidence supported the ALJ's assessment of Faison's residual functional capacity, including her decision to include no limitations related to Faison's mental impairments. This is Faison's appeal.

## II.

We review the Commissioner's decision to determine whether it is supported by substantial evidence, but we review *de novo* the legal principles upon which the decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence refers to "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Our limited review precludes us from "deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.* "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## III.

A disabled individual may be eligible for disability insurance benefits. 42 U.S.C. § 423(a)(1). To be eligible, a claimant must prove that he became disabled on or before the date for which he

was last insured. *See Moore*, 405 F.3d at 1211. Because Faison's last insured date was December 31, 2018, he had to show a disability on or before that date.

To determine whether a claimant is disabled, an ALJ applies a five-step sequential evaluation process. The ALJ asks whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe and medically determinable impairment or combination of impairments; (3) has an impairment or combination of impairments that satisfies the criteria of a listing; (4) can perform his past relevant work in light of his residual functional capacity; and (5) can adjust to other work in light of his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

In this case, we are concerned with the ALJ's assessment of Faison's residual functional capacity. Faison argues that the ALJ erred "by substituting her opinion for uncontroverted medical opinion evidence." Appellant's Br. 3. He says that the uncontroverted medical opinion evidence showed that his PTSD and anxiety caused at least moderate limitations in concentration; ability to interact with others; and ability to maintain concentration, persistence, or pace.[4]

---

[4] Faison raises several other arguments for the first time on appeal, including that the ALJ erred by (1) finding that he had mild limitations in his ability to concentrate and engage in social functioning yet adopting a residual functional capacity assessment that included no corresponding limitations, and (2) concluding that he could perform his past work given his limitations in interacting with others. We will not consider these issues because Faison raises them for

But the ALJ's decision reflects that she considered these opinions and ultimately concluded that they were entitled to little weight because they were inconsistent with Faison's medical records, which showed milder limitations. Substantial evidence supports this determination. The record reflects that Faison received conservative treatment for his mental impairments and at times reported experiencing no anxiety, no depression, and no decreased functioning. In addition, his medical providers assigned GAF scores that showed only mild mental health limitations.[5] And during the relevant period a VA examiner determined that Faison's symptoms did not satisfy the diagnostic criteria for PTSD. As a result, we cannot say that the ALJ erred when she gave the opinion evidence little weight and concluded that Faison's mental health impairments

---

the first time on appeal. *See United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir. 2022) (en banc).

[5] The GAF is a numeric scale used to rate an individual's overall level of functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32–33 (4th ed. 2000). The DSM later abandoned the use of GAF scoring, noting "its conceptual lack of clarity" and "questionable psychometrics in routine practice." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM-V"). After the DSM-V was published, the Social Security Administration issued a directive to ALJs instructing them to consider GAF scores as medical opinion evidence but emphasizing that they should not be considered in isolation because a GAF score is a snapshot about a person's level of functioning. Soc. Sec. Admin., Administrative Message 13066 (July 22, 2013).

caused no more than minimal limitations.[6] In reaching this result, we emphasize that given our deferential standard of review, "we must affirm if the [ALJ's] decision is supported by substantial evidence" and are not addressing whether we would have reached a different result in weighing the conflicting evidence. *See Barnes*, 932 F.2d at 1358.

Faison also argues that the ALJ erred in assessing his residual functional capacity because her decision conflicted with the VA's disability ratings. But the decision of another governmental agency, based on the rules of that agency, does not bind an ALJ considering whether the claimant was disabled for purposes of Social Security benefits. *See* 20 C.F.R. § 404.1504 (2016) ("A decision by . . . any other governmental agency about whether you are disabled . . . is based on its rules and is not our decision . . . [and] is not binding on us."). We have held that an ALJ is not required to follow a VA decision finding a claimant disabled so long as the "ALJ's decision shows that she considered the other agency's decision" and "substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision." *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1330 (11th Cir. 2020). Here, the ALJ gave adequate consideration to the VA's disability determinations. The

---

[6] Faison also suggests that the ALJ erred because she failed "to explicitly consider [his] mental impairments when assessing" his residual functional capacity. Appellant's Br. 12 (internal quotation marks omitted). We disagree. The ALJ's decision reflects that she did consider Faison's mental impairments when assessing his residual functional capacity and concluded that the impairments "cause[d] no more than minimal limitations." Doc. 8-18 at 25.

ALJ's decision showed that she considered the VA decisions. And for the reasons given above, we conclude that substantial evidence supported the ALJ's decision to depart from the VA's ratings when assessing Faison's limitations.

Accordingly, we affirm the Commissioner's decision.

**AFFIRMED.**