[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12033
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cv-62253-BB

NORMA IVETTE ROBINSON,

Plaintiff - Appellant,

versus

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Norma Robinson appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration to deny her application for supplemental security income and disability insurance benefits. On appeal, Robinson argues that the administrative law judge ("ALJ") erred in assessing her residual functional capacity. After careful consideration, we affirm the district court's judgment in favor of the Commissioner.

## I.    FACTUAL BACKGROUND[1]

Robinson applied for benefits, claiming that she was disabled due to a combination of physical and mental impairments. After her application was denied, Robinson requested and received a hearing before an ALJ.

After hearing testimony from Robinson and a vocational expert and reviewing Robinson's medical records, the ALJ issued a written decision concluding that Robinson was not disabled. In reaching this conclusion, the ALJ applied the five-step sequential evaluation process. At the first step, the ALJ concluded that Robinson had not engaged in substantial gainful activity since the

---

[1] Because we write for the parties, we set out only the facts necessary to explain our decision.

2

alleged onset of disability date. At the second step, the ALJ concluded that Robinson had severe impairments, but some of her claimed impairments, including chronic pain syndrome, were not severe. At the third step, the ALJ found that Robinson did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.

The ALJ then assessed Robinson's residual functional capacity. The ALJ considered the effects of her severe and non-severe impairments and found that she was able to perform light work subject to certain limitations. The limitations the ALJ identified were less severe than the limitations that Robinson described in her testimony; the ALJ expressly found that Robinson's testimony was not entirely credible. For example, at the hearing, Robinson testified that she needed to use a walker. But the ALJ determined that Robinson was capable of working with only a cane. In assessing Robinson's residual functional capacity, the ALJ discussed in detail the treatment notes and hospital records from her medical providers. But the ALJ found that none of Robinson's treating medical sources provided an opinion regarding her physical or mental limitations or her capacity to work; the ALJ thus assigned no weight to opinions from any of Robinson's treating providers.

At step four, the ALJ concluded that Robinson could not perform her past relevant work, and at step five, that there were a significant number of jobs in the

3

national economy that Robinson could perform given her age, education, and residual functional capacity.  Accordingly, the ALJ found that Robinson was not disabled.[2]

Robinson then filed an action in federal district court, asking the court to reverse the Commissioner's decision.  Robinson argued that the ALJ erred in assessing her residual functional capacity (1) by failing to articulate the weight accorded to the opinions from her medical providers, (2) by failing to find that she suffered from more severe limitations, and (3) by making an adverse credibility determination that was not supported by substantial evidence.

The magistrate judge issued a report and recommendation that the district court affirm the Commissioner's decision.  The magistrate judge rejected each of Robinson's arguments.  First, regarding Robinson's argument that the ALJ failed to assign weight to the opinions from her medical providers, the magistrate judge determined that the treatment notes and medical records she identified contained no medical opinions and thus the ALJ had no obligation to assign a weight to them. The magistrate judge determined, in the alternative, that even if the records contained medical opinions, the ALJ's failure to state the weight he assigned to the

---

[2] Robinson requested that the Appeals Council review the ALJ's decision, but the Appeals Council denied her request for review.

opinions was harmless because the records did not indicate that Robinson's limitations were more severe than the limitations the ALJ identified. Second, the magistrate judge found that substantial evidence supported the limitations identified in the ALJ's residual functional capacity assessment. Third, the magistrate judge determined that substantial evidence supported the ALJ's adverse credibility determination.

Robinson filed objections to the report and recommendation, raising the same arguments she made to the magistrate judge. The district court overruled her objections, adopted the report and recommendation, and affirmed the ALJ's decision. This is Robinson's appeal.

## II.    STANDARD OF REVIEW

When, as here, an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's decision to determine whether it is supported by substantial evidence, but we review *de novo* the legal principles upon which the decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Barnes v.*

5

*Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  Substantial evidence refers to "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Moore*, 405 F.3d at 1211.  Our limited review precludes us from "deciding the facts anew, making credibility determinations, or re-weighing the evidence."  *Id.*

### III.    LEGAL ANALYSIS

A disabled individual may be eligible for disability insurance benefits and supplemental security income.  *See* 42 U.S.C. §§ 423, 1381a.  To determine whether a claimant is "disabled," an ALJ applies a sequential evaluation process to determine whether the claimant: (1) is engaging in substantial gainful activity; (2) has a severe and medically determinable impairment or combination of impairments; (3) has an impairment or combination of impairments that satisfies the criteria of a "listing"; (4) can perform his or her past relevant work in light of his or her residual functional capacity; and (5) can adjust to other work in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

On appeal, Robinson challenges the ALJ's assessment of her residual functional capacity.  First, she contends that the ALJ erred by failing to assign weight to the opinions of her medical providers.  Second, she asserts that the ALJ

6

should have found that her limitations were more severe.  Third, she challenges the ALJ's adverse credibility determination.  We consider these arguments in turn.

## A.    Robinson Abandoned Any Challenge to the ALJ's Review of Her Medical Records.

Robinson contends that the ALJ erred by failing to articulate the weight assigned to opinions from her medical providers.  An ALJ must evaluate every medical opinion received and assign weight to each opinion.  20 C.F.R. §§ 404.1527(c), 416.927(c); *see Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987).  A medical opinion is a statement from an acceptable medical source that "reflect[s] judgment[] about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions."  20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1).  A medical provider's treatment notes may contain medical opinions.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

The magistrate judge gave two independent reasons for rejecting Robinson's argument that the ALJ erred in failing to assign weight to her medical records: (1) the records Robinson submitted did not contain any medical opinions because none of the records contained an assessment about what Robinson could still do despite her impairments or her psychical or mental restrictions,  and (2) even if the

7

records contained medical opinions, any error was harmless because the records did not show that Robinson had greater limitations than those the ALJ identified. In adopting the magistrate judge's report, the district court likewise found that Robinson's records contained no medical opinions, and alternatively, even if they did, any error was harmless. On appeal, Robinson addresses only whether the records contained medical opinions and fails to address the district court's alternative finding that any error was harmless.

"To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If the "appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* Robinson's failure to challenge the district court's alternative determination that any error was harmless thus requires affirmance.

## B.    The ALJ Did Not Err in Identifying Robinson's Limitations.

Robinson next challenges specific aspects of the ALJ's assessment of her residual functional capacity. She claims that the ALJ erred in (1) classifying her

8

chronic pain as non-severe, (2) failing to include any reaching limitations, (3) determining that she did not need to use a walker, and (4) identifying the extent of her mental limitations.  We discern no error.

First, Robinson claims that the ALJ erred in finding that her chronic pain caused no more than minimal limitations in her performance of work-related activities because her medical records show that she had to undergo multiple treatments for chronic pain.[3]  We disagree because substantial evidence supports the ALJ's finding.  Certainly, Robinson's medical records show that she received ongoing treatment for pain.  But sufficient evidence supports the ALJ's conclusion that the pain did not give rise to further limitations because multiple providers who treated Robinson noted that her pain was controlled with medication.  We thus conclude that substantial evidence supports the ALJ's determination that her chronic pain caused no more than minimal limitations.

Second, Robinson argues that the ALJ erred by failing to include any limitation regarding her difficulty reaching with her right arm.  In fact, though, the ALJ included a reaching limitation in the residual functional capacity assessment,

---

[3] Robinson also claims that at step two of the sequential evaluation process the ALJ should have found that her chronic pain was a severe, as opposed to non-severe, condition.  But even assuming the ALJ erred in this respect, any error was harmless.  The ALJ found that she had other severe impairments and continued to the next step of the sequential analysis.  And, as we explain above, the ALJ considered the extent of Robinson's chronic pain in assessing her residual functional capacity.

determining that Robinson could only "occasionally reach overhead with the right upper extremity." Doc. 18 at 31.[4] We thus reject her argument.

Third, Robinson contends that the ALJ should have included a limitation that she needed to use a walker, as opposed to a cane. The magistrate judge gave—and the district court adopted—two independent reasons why the ALJ did not err in determining that Robinson needed a cane, not a walker: (1) the medical evidence did not show that she needed a walker, and (2) even if the ALJ should have included such a limitation, any error was harmless because the vocational expert identified jobs that Robinson could perform even if she had to use a walker. On appeal to our court, Robinson addresses only why the medical evidence shows that she needed a walker and fails to address the district court's alternative ruling that any error was harmless. Robinson's failure to challenge this alternative determination on appeal requires affirmance. *See Sapuppo*, 739 F.3d at 680.

Fourth, Robinson challenges the ALJ's determination about the limitations caused by her mental impairments. Robinson contends that the ALJ's decision is internally inconsistent because the ALJ relied on Robinson's testimony to determine the extent of her mental limitations, yet later made an adverse credibility determination, finding Robinson's testimony was not credible. We see no internal

---

[4] Citations in the form "Doc. #" refer to the numbered entries on the district court docket.

inconsistency because the ALJ made a partial credibility determination, finding some of Robinson's testimony credible and some not credible.  In any event, Robinson has identified no evidence showing that she experienced more severe mental limitations than the limitations identified by the ALJ.

**C.    The ALJ Did Not Err in Making an Adverse Credibility Determination.**

Robinson argues that substantial evidence does not support the ALJ's credibility determination.  We disagree.

When a claimant attempts to establish a disability through her own testimony concerning her symptoms, we require "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged [symptom]; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed [symptom]." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms to determine how they limit the claimant's capacity for work.  20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).  In assessing such symptoms and their effects, the ALJ must consider: the objective medical evidence; the claimant's daily activities; the location, duration, frequency, and

intensity of the claimant's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to relieve the symptoms; treatment, other than medication, for the symptoms; any other measure used to relieve the symptoms; and any other factors concerning functional limitations and restrictions due to the symptoms. *Id.* §§ 404.1529(c)(3), 416.929(c)(3). If the ALJ determines that the claimant's statements about her symptoms are not credible, the ALJ must "provide[] a detailed factual basis for [the] credibility determination," which must be supported by substantial evidence. *Moore*, 405 F.3d at 1212.

Robinson contends that substantial evidence does not support the ALJ's adverse credibility determination because she offered consistent statements about the severity of her symptoms and these statements are consistent with her medical records. But substantial evidence supports the ALJ's determination that Robinson's statements were inconsistent with her medical records. For example, Robinson testified that she experienced extreme back pain. But her treatment records show that pain was controlled by medication with no adverse side effects.

Substantial evidence also supports the ALJ's determination that Robinson gave inconsistent reports about the extent of her limitations. Robinson testified before the ALJ that she spent most of the day in bed and was unable to maintain

12

her household.  But she previously reported being able to cook, perform household chores, and pay bills.

In a final argument, Robinson contends the ALJ erred in finding her not "credible" because the Commissioner subsequently issued a ruling eliminating the use of the term "credible."  *See* SSR 16-3p, 81 Fed. Reg. 14166, 14167 (March 9, 2016).  In that ruling, the Commissioner explained that it is improper to use language about credibility because when evaluating a claimant's symptoms the ALJ does "not assess an individual's overall character or truthfulness" but considers only the narrower question of whether the claimant's "statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record."  *Id.* at 14170.  But SSR 16-3p became effective after the ALJ's decision in this case, and we have held that it does not apply retroactively.  *See Hargess v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018).  In any event, although the ALJ used the term "credible," the substance of the ALJ's decision indicated that he did not assess Robinson's overall character but limited his analysis to whether her testimony about the intensity, persistence, and limiting effects of symptoms was consistent with the objective medical evidence and other record evidence.  The ALJ thus committed no error by using the term "credible."

13

## IV.    CONCLUSION

For the reasons set forth above, we affirm the Commissioner's decision to deny benefits.

**AFFIRMED.**