[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-12602
Non-Argument Calendar

————————————————

D.C. Docket No. 4:18-cv-01053-CLS

MARK CLOUGH,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(May 11, 2020)

Before WILLIAM PRYOR, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Mark Clough appeals the district court's decision affirming the Social

Security Administration's ("Commissioner") denial of his application for

Supplemental Security Income ("SSI"). He also appeals the district court's denial

of his motion to correct the administrative record to include a 2017 medical evaluation, as well as the district court's denial of his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  After careful review, we affirm.

## I.

In January 2015, Clough filed an application for SSI, alleging disability beginning on January 15, 2015.  On July 3, 2017, an ALJ concluded that Clough was not disabled.  The ALJ found that Clough had previously been in a motor vehicle accident in which he had fractured his right femur, and that he suffered from degenerative disk disease, degenerative joint disease, seizure disorder, anxiety, and depression.  Notwithstanding these impairments, the ALJ found that Clough had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a).

On October 20, 2017, Clough submitted a letter to the Appeals Council requesting review of the ALJ's decision.  As part of his letter, Clough summarized a September 12, 2017 evaluation conducted by Dr. David Wilson (the "2017 evaluation").  According to Clough's letter, Dr. Wilson opined that Clough was unable to maintain a job due to back pain, seizures, depression, panic attacks, and cognitive deficits.  Clough argued that the 2017 evaluation supported a finding of disability, and thus required reversal of the ALJ's decision.  On May 14, 2018, the

Appeals Council denied Clough's request for review.  It noted that as part of its review, it received Clough's October 20, 2017 letter, but did not mention the 2017 evaluation itself.

Clough then appealed by filing a complaint in the district court, arguing, among other things, that the Appeals Council committed legal error by refusing to review the 2017 evaluation.  According to Clough, this required the district court to remand his application to the Commissioner for consideration of the 2017 evaluation.  The Commissioner responded that the Appeals Council did consider Clough's October 20, 2017 letter summarizing Wilson's September 2017 evaluation, but that Clough failed to submit the evaluation itself.

Clough then moved to correct the record to include the 2017 evaluation.  He argued that he submitted Dr. Wilson's evaluation to the Appeals Council along with his October 20, 2017 letter seeking review of the ALJ's decision.  He also argued that if the Appeals Council did not receive the 2017 evaluation, it should have said so while Clough was seeking review.  The Commissioner responded that the Appeals Council received only one page from the 2017 evaluation.  On that basis, the Commissioner filed a supplementation to correct to the administrative record with only the first page of the 2017 evaluation.  On April 19, 2019, the district court ordered Clough to file a reply brief—by May 3, 2019—to address the

3

Commissioner's assertion that only one page from the 2017 evaluation was submitted to the Appeal Council.

Clough did not timely file a reply brief, and on May 17, 2019, the district court affirmed the ALJ's decision and denied Clough's motion to correct the record. One week after the district court entered its order affirming the ALJ's decision, Clough filed an out-of-time reply brief in support of his motion to correct the record. Clough argued that the Appeals Council was equitably estopped from opposing his motion to correct the record because it did not request the rest of the 2017 evaluation during his administrative proceedings. On the same day, Clough filed a motion to alter or amend the judgment under Rule 59(e), asking the district court to reconsider his appeal as if his reply brief had been timely filed. The court denied Clough's Rule 59(e) motion.

Clough raises several arguments on appeal. First, he says substantial evidence did not support the ALJ's decision to give little weight to the opinion of rheumatologist Dr. Daniel Prince. Second, he says the ALJ did not state with sufficient clarity its reasons for assigning less weight to certain examining physicians. Third, he argues that the district court erred in refusing to remand to the Appeals Council for consideration of the 2017 evaluation. Fourth, Clough says (a) the district court erred in denying his motion to correct the record; and

4

(b) abused its discretion by denying his Rule 59(e) motion to alter or amend his judgment.

## II.

In a social security case, we review the agency's legal conclusions de novo and review its factual findings to determine whether they are supported by substantial evidence. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (quotation marks omitted). We do not reweigh the evidence or substitute our own judgment for that of the agency. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam). If the agency's decision is supported by substantial evidence, we must affirm, even if the evidence preponderates against the decision. Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam).

We review de novo a district court's determination on whether remand to the Commissioner is necessary based on new evidence. Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001). We review a district court's denial of a motion to expand the administrative record for an abuse of discretion. See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs,

87 F.3d 1242, 1246–47 (11th Cir. 1996).  Finally, we review the denial of a Rule 59(e) motion for an abuse of discretion.  See Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1317 (11th Cir. 2013).

## III.

In determining the weight to afford medical opinions, the ALJ should consider the examining and treatment relationship between claimant and doctor, the length of the treatment and frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the opining physician's specialization, and other factors that tend to support or contradict the medical opinion.  20 C.F.R. § 404.1527(c).  The ALJ must state with particularity the weight given to medical opinions, and we will reverse if the ALJ fails to provide "some measure of clarity" for her decision.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (quotation marks omitted).  Absent "good cause," the ALJ is required to give the medical opinions of "treating physicians" substantial or considerable weight.  Id.  A treating physician is someone who provides or has previously provided the claimant with medical treatment, and who has or has previously had an ongoing treatment relationship with the claimant.  20 C.F.R. § 404.1527(a)(2).

   a. Substantial evidence supported the ALJ's decision to assign "little weight" to Dr. Prince's opinion.

6

On August 31, 2012, Dr. Prince conducted a consultative medical assessment of Clough after referral by Clough's counsel. Dr. Prince reported that Clough was pleasant, alert, and oriented. He also reported that his straight leg raise test was positive in his right leg but negative in his left leg; his cervical mobility was preserved; his right hip mobility was impaired by 40 percent and his left hip mobility was reduced 10 to 15 percent; and his right leg extension was reduced by 10 degrees. Dr. Prince diagnosed Clough with epilepsy, generalized anxiety disorder, borderline intellectual functioning, and chronic pain disorder. He determined that Clough could, at one time, sit for less than 45 minutes, stand for less than 15 minutes, and walk for less than 6 minutes. He also concluded that during an eight-hour workday, Clough could sit for two hours, stand for one hour, and walk for one hour. Based on these limitations, Dr. Prince opined that Clough had "[c]omplete, permanent, chronic, and total disability secondary to residuals of multiple fractures, epilepsy, grand mal seizure activity, general anxiety disorder, and borderline intellectual function."

The ALJ reviewed Dr. Prince's opinion, and concluded, in relevant part, that

[t]he opinion of Dr. Prince, that the claimant had "complete, permanent, chronic, and total disability . . . " is a determination that is reserved to the Commissioner of Social Security. . . . Furthermore, this opinion was solicited on behalf of the claimant's representative, which makes it inherently less persuasive. It is remote and is not consistent with the claimant's activities of daily living, work history, or the medical evidence of the record.

7

On that basis, the ALJ gave Dr. Prince's opinion "little weight."

Clough says it was reversible error for the ALJ to discount the opinion of Dr. Prince simply because Prince's assessment was arranged by Clough's counsel. Assuming Clough is right that this was an impermissible consideration,[1] he still would not be entitled to reversal because the ALJ gave several valid reasons for assigning little weight to Dr. Prince's evaluation. Clough does not challenge those other reasons, nor could he. The ALJ correctly concluded, for instance, that Dr. Prince's opinion that Clough had "complete, permanent, chronic, and total disability" was not entitled to any deference, because it was the type of determination that is the province of the Commissioner. 20 C.F.R. § 416.927(d)(1) (explaining that the Commissioner is responsible for deciding whether a claimant meets the statutory definition of "disability").

Substantial evidence also supported the ALJ's conclusion that Dr. Prince's findings were remote and inconsistent with more recent evaluations. Dr. Prince conducted his evaluation in August 2012, over two years before Clough's alleged disability onset date. More recent medical evidence was inconsistent with the severe work-related limitations Dr. Prince found. For instance, Clough underwent

---

[1] Both the Seventh Circuit and the Ninth Circuit have held that an examining doctor's findings are entitled to no less weight when the examination is procured by claimant's counsel. See Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995); Moss v. Astrue, 555 F.3d 556, 560–61 (7th Cir. 2009) (per curiam). This Circuit, however, is yet to hold as much in a published opinion, and we need not decide the issue here.

8

multiple physical examinations at Pain and Wound Care Center ("PWCC") in 2015, and each time, his reports indicated that he experienced only "moderate" pain in his lower back, and that his pain medication regimen was effective. These examinations also indicated that Clough had 4/5 strength in both upper extremities and the right lower extremity, and 3/5 strength in the left lower extremity. Finally, the reports indicated that Clough's range of motion in his lumbar spine was "moderate."

The ALJ therefore gave several, independently valid reasons for assigning "little weight" to Dr. Prince's opinion. As a result, even assuming the ALJ erred in discounting Dr. Prince's opinion because it was commissioned by Clough's counsel, the error was harmless. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (finding that ALJ's erroneous statements were harmless because they did not affect the ultimate outcome of the case).

b. The ALJ adequately stated its reasons for assigning less weight to the opinions of Dr. Wilson, Dr. Bentley, and Dr. Morgan.

Clough argues the ALJ failed to state its reasons for rejecting the opinions of Drs. Wilson, Bentley, and Morgan with at least "some measure of clarity." Although Clough is correct that the ALJ must state its reasons for rejecting an opinion with "some measure of clarity," Winschel, 631 F.3d at 1179 (quotation marks omitted), he is wrong that the ALJ failed to satisfy its burden. With respect to Dr. Wilson, the ALJ gave his psychological opinions "little weight" because

9

they were "remote" and "not consistent" with more recent psychological evidence. The ALJ assigned "little weight" to Dr. Bentley's 2010 opinion because it was "remote, vague, and [did] not provide any function-by-function assessment of the claimant's ability to perform work-related mental activity."  Finally, the ALJ gave Dr. Morgan's opinion "no weight" because the restrictions he assessed were "entirely inconsistent with the relatively benign findings noted on [Clough's] physical examination" and were not "consistent with the record as a whole."[2]  The ALJ thus stated its reasons for giving less weight to these opinions with at least "some measure of clarity."  Id.

c. Clough waived any argument that the ALJ gave undue weight to non-examining physicians.

Clough recites the principle that "opinions of nonexamining, reviewing physicians, . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence."  Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988).  To the extent Clough claims the ALJ gave undue weight to a non-examining physician, he has waived any such argument by failing to identify which non-examining physicians

---

[2] Clough says Dr. Morgan was his "treating physician," and therefore his opinion was entitled to a presumption of "substantial weight."  While Clough is correct that we generally give substantial weight to opinions of treating physicians, Winschel, 631 F.3d at 1179, Clough has not demonstrated that Dr. Morgan was a treating physician.  A treating physician is defined as someone who has or had an "ongoing treatment relationship" with a claimant.  20 C.F.R. § 404.1527(a)(2).  The administrative record only shows that Clough met with Dr. Morgan on a single occasion, for a consultative examination.

10

were given undue weight, or specify how the ALJ erred by assigning less weight to an examining physician. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (explaining that "[i]f an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper").

## IV.

Clough also argues that the district court erred by failing to remand his case to the Appeals Council for consideration of the 2017 evaluation. He also says the district court erred in denying his motion to correct the record to include a copy of the 2017 evaluation. Finally, Clough says the district court abused its discretion by denying his Rule 59(e) motion to alter or amend the district court's judgment. None of these arguments have merit.

   a. The district court did not err by declining to remand for consideration of the 2017 evaluation.

In Washington v. Commissioner of Social Security, 806 F.3d 1317 (11th Cir. 2015) (per curiam), we held that the Appeals Council committed legal error by "refus[ing]" to consider a report containing new, material, and chronologically relevant evidence. Id. at 1320. On that basis, we required the district court to remand the claimant's application to the Commissioner for consideration of the new evidence. Id. at 1323. Relying on Washington, Clough says the district court

11

was required to remand to the Appeals Council for consideration of the 2017 evaluation.

As an initial matter, Clough's argument fails because he did not establish that the Appeals Council "refused" to consider any evidence that was properly before it.  The Commissioner says the Appeals Council received only (1) a letter from Clough requesting review of the ALJ's decision, in which he summarized the 2017 evaluation; and (2) the first page of the 2017 evaluation.  Both documents, according to the Commissioner, were reviewed by the Appeals Council before it denied Clough's request to review the ALJ's decision.  The district court ordered Clough to file a reply to the Commissioner's claim, but Clough failed to do so within the prescribed timeframe.  Given Clough's failure to reply, there was nothing before the district court to indicate that the Appeals Council received the full 2017 evaluation.  Thus, the district court did not err in declining to remand.  The Appeals Council could not have improperly "refused" to consider evidence it never received.[3]  See Ingram, 496 F.3d at 1267–68.

---

[3] Under the sixth sentence of 42 U.S.C. § 405(g), a district court may remand an application for consideration of new, material evidence presented for the first time in the district court.  See Ingram, 496 F.3d at 1261.  A "sentence six remand" is only available if the claimant shows "good cause for the failure to incorporate such evidence into the record in a prior proceeding." Id.  In the district court's order requiring Clough to file a reply brief in support of his motion to correct the administrative record, the court specifically directed Clough to address whether remand was warranted under sentence six.  Clough did not reply within the prescribed time limit, and when he finally did, he failed to address whether he was entitled to a sentence six remand.  On appeal, Clough has again failed to address whether he is entitled to relief under sentence six

12

Even if Clough had provided the Appeals Council with Dr. Wilson's full report, the Appeals Council was not required to review it because it did not constitute "new evidence." This court has held that the Appeals Council need only consider "new, material, and chronologically relevant evidence." Ingram, 496 F.3d at 1261. Evidence is not "new" where it is cumulative of evidence that was already submitted to the ALJ. See Washington, 806 F.3d at 1323 n.9.

Dr. Wilson submitted two reports in support of Clough's application: the 2017 report for which Clough seeks remand, and a 2012 evaluation. Dr. Wilson's 2017 evaluation largely mirrors his 2012 report. For instance, both reports indicate that Clough suffers from epilepsy and experiences one to two seizures per month. Both reports also state that Clough experiences occasional panic attacks and feelings of depression, and that he suffers from mild cognitive limitations. Because Dr. Wilson's 2017 evaluation is therefore cumulative of his 2012 report— which was part of the evidence assessed by the ALJ—the Appeals Council was not required to consider it. See id.

b. The district court did not err in denying Clough's motion to correct the record.

---

of § 405(g), and he has therefore abandoned such any argument. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

Clough claims the district court erred in denying his motion to correct the record to include Dr. Wilson's 2017 evaluation. This, according to Clough, was a violation of the district court's duty to assess the entire administrative record. Clough is correct that a district court must "review the entire record" when determining whether the Commissioner's decision is supported by substantial evidence. See Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). But as noted in the previous section, Clough failed to demonstrate that the full 2017 evaluation was ever made part of the administrative record. Consequently, the administrative record was complete, and the district court could not have abused its discretion by denying Clough's motion to correct a record that did not need correcting.

c. Clough has abandoned any challenge to the district court's denial of his Rule 59(e) motion.

Finally, Clough states in a conclusory fashion that the district court committed a "manifest error of law" in denying his Rule 59(e) motion. He correctly notes that the two grounds for granting a Rule 59(e) are "newly-discovered evidence" and "manifest errors of law or fact." Br. of Appellant at 38 (citing In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). However, he does not explain how his Rule 59(e) motion satisfies either basis for relief. As a result, Clough has abandoned this claim. See Sapuppo, 739 F.3d at 680.

14

In any event, Clough could not demonstrate that the district court abused its discretion in denying his Rule 59(e) motion.  A motion to alter or amend under Rule 59(e) may "not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to the entry of judgment."  Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted).  Clough filed his Rule 59(e) motion along with an out-of-time reply in support of his motion to correct the record.  In his motion, he asked the district court to reconsider its order denying Clough's appeal and motion to correct the record as if he had timely filed his reply brief.  He also repeated his arguments from his memorandum in support of disability, in which he argued that the Appeals Council improperly refused to consider the 2017 evaluation.  Because Clough merely sought review of arguments or evidence that could have been raised prior to judgment, the district court did not abuse its discretion in denying his Rule 59(e) motion.

**AFFIRMED.**

15